UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL GREENBERG, JILL GREENBERG STUDIO, INC., and FEMINIST PIGS LLC,<br><br>                   Plaintiffs,<br><br>              v.<br><br>DENTSU MCGARRY BOWEN LLC and THE CLOROX COMPANY,<br><br>                  Defendants. | **COMPLAINT**<br><br>Case No.<br><br>**JURY TRIAL REQUESTED** |

Jill Greenberg, individually, Jill Greenberg Studio, Inc., and Feminist Pigs LLC (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, for their complaint ("Complaint") against defendants Dentsu McGarry Bowen LLC (commonly known as "McGarryBowen") and The Clorox Company (collectively referred to as "Defendants"), hereby allege as follows:

## NATURE OF ACTION

1.      This is an action for injunctive and monetary damages arising from Defendants' infringement of Plaintiffs' exclusive rights in the photographic works of art (hereinafter referenced collectively as "Copyrighted Photographs"), copies of which are attached hereto as Exhibit A.

2.      Ms. Greenberg is an internationally renowned photographer and visual artist engaged in innovative film, fine art work and commercial photography whose works include Ionographs, End Times series, Glass Ceiling series and iconic portraits of prominent individuals.

1

3.      Ms. Greenberg garnered an international reputation for animal portraits including New York Times bestselling book "Monkey Portraits, plus a Few Apes", "Bear Portraits" book, "Horses" book, and a collection of portraits of Ursine among others.

4.      Ms. Greenberg's portraits are instantly recognizable due to signature lighting setup and post manipulation of foreground lighting contrasting the warmth and emotion of an animal with a stark backdrop.

5.      Ms. Greenberg solely owns and operates Jill Greenberg Studio, Inc. and Feminist Pigs LLC and utilized both companies to conduct and contract commercial photography projects and Ms. Greenberg, individually, is the copyright owner per written agreement.

6.      Ms. Greenberg is the author of, and owner of, the registered copyrights of the Copyrighted Photographs, consisting of novel portraits of cats on glass.

7.      On or about October 16, 2017, Plaintiffs contracted with Defendant Dentsu McGarry Bowen LLC on behalf of its client Defendant The Clorox Company to provide original photographs of cats on glass for limited usage and duration, a copy of which is attached as Exhibit B.  The contract specifically excludes use of any Copyrighted Photographs in any video format including, but not limited to, online videos, broadcast and/or industrial.

8.       Plaintiffs did not have an ongoing relationship with Defendants and contracted for a one-time project of limited usage and duration.

9.      At all times, Plaintiffs retained ownership of the copyrights in the Copyrighted Photographs and no assignment or transfer of rights was ever signed or agreed to.

10.     Plaintiffs devised and designed the eight-foot tall plexiglass platform in which to shoot the campaign. Prior to the shoot, Defendants requested Plaintiffs photograph the cats using Plaintiffs' signature lighting technique, specifically requesting to imitate Plaintiff's fine art

animal series. Plaintiffs supplied seven photographs with a signature halo background with radial glow in the center to Defendants, a list of which is attached hereto as Exhibit C.

11.     Defendants, upon receipt of the photographs, further demanded during retouching that Plaintiffs utilize their signature blue background plate, 171101_B_Plates_0032, to mimic Plaintiffs' fine art portraits, particularly referencing the "Bear Portraits" book, a copy of this request is attached hereto as Exhibit D.

12.     Defendants engaged in, and continue to engage in, direct copyright infringement, including, but not limited to:

a.      incorporation, modification and reproduction of Plaintiffs' Copyrighted Photographs into promotional online videos for which they claim authorship, copies of which are attached hereto as Exhibit E;

b.      creation of derivative works of Plaintiffs' Copyright Photographs for other promotional and advertising materials, copies of which are attached hereto as Exhibit F;

c.      organizing, hosting and live-streaming interactive tours of Cats on Glass Gallery in New York, New York on February 15th – 19th, 2018 and in Los Angeles, California on January 17th – 27th, 2019, on Facebook and other online media showcasing the Copyrighted Photographs as evidenced by the involvement, role and responsibilities of Hannah Shaw, copies of which are attached hereto as Exhibit G;

d.      organizing, hosting, and operating an Instagram account live-streaming and interactive tour of Cats on Glass Gallery in Los Angeles, California on January 17, 2019, a copy of which is attached hereto as Exhibit H;

e.      displaying Copyrighted Photographs as exclusive works of art in public art gallery showing in New York where approximately seven thousand people attended this pop up art gallery, a copy of which is attached hereto as Exhibit I;

f.      displaying Copyrighted Photographs as "exclusive works of art" in pop-up public art gallery showing in Los Angeles, a copy of which is attached hereto as Exhibit J; and

g.      creating, modifying, reproducing and distributing, and continuing to do so, the Copyrighted Photographs into digital merchandise for sale currently

3

available for unrestricted public download and usage without permission and outside the scope of the licensing, a copy of which is attached hereto as Exhibit K.

13.     Defendants, without the permission of the Plaintiffs, cause contributory infringement and induce the infringement of the Copyrighted Photographs including, but not limited to:

a.      materially contributing to infringement by knowingly inviting, encouraging, allowing, and/or coordinating the broadcasting of the Copyrighted Photographs on the Ellen DeGeneres television show for profit, evidenced by the Ellen producer being allowed to be a "cat" inside the glass exhibit at the Cats on Glass Gallery and other promotional games with FreshStep© products as prizes, a copy of which is attached hereto as Exhibit L;

b.      based on information and belief, contracting with the Ellen DeGeneres television show for paid-for television advertising as evidenced by a Freshstep©            advert            and            gift            card, https://www.youtube.com/watch?v=O4XIpKdpShs;

c.      materially contributing to infringement by knowingly inviting and allowing the Copyrighted Photographs to be broadcast on television at the Cats on Glass event in New York on ABC Channel 7 news, a copy of which is attached hereto as Exhibit M;

d.      materially contributing to infringement by knowingly organizing, hosting, broadcasting, posting and/or collaborating multiple online videos of the Cats on Glass Galleries in New York and Los Angeles, using Copyrighted Photographs for purposes outside of the contract and available for unlimited viewing across various media platforms, including Facebook, Instagram, YouTube, FreshStep website, and the Ellen DeGeneres show. Examples include but are not limited to:

67, 567 views of *Cats on Glass is the Purr-fect Event for Ellen*, https://www.youtube.com/watch?v=wDRNjgV5PP4

182 views of *Cats on Glass Gallery – Catman Adventures*, https://www.youtube.com/watch?v=CAZK03Oif3k

2,700 views of *Fresh Step litter – Cats on Glass Galley: Facebook Live Tour* (New York)  https://www.facebook.com/freshstep/videos/cats-on-glass-gallery-facebook-live-tour/1679670892076734/

4

*1.2 million views of Fresh Step litter – Cats on Glass Gallery:  Live Tour* (Los Angeles)
https://www.facebook.com/freshstep/videos/cats-on-glass-gallery-la-from-jan-17-27/2347516888593088/

    f.    creating and distributing, or causing to the creation and distribution of, physical and digital copies of the Copyrighted Photographs labeled as "exclusive works of art" merchandise for sale and for unlimited image usage without seeking permission from Plaintiffs, a copy of which is attached hereto as Exhibit K.

14.    Defendants, without the permission of the Plaintiffs, engaged in, and continue to engage in, vicarious infringement, including, but not limited to:

    a.    converting Plaintiffs' Copyrighted Photographs in promotional online videos for which they claim authorship to encourage individuals to join FreshStep© awards program for discounts, points and/or merchandise, a copy of which is attached hereto as Exhibit E;

    b.    knowingly inviting, encouraging, allowing, and/or coordinating the broadcasting of the Copyrighted Photographs on ABC, KTLA, and the Ellen DeGeneres television show for profit, publicity and advertisement, a copy of which is attached hereto as Exhibit L & M;

    c.    based on information and belief, contracting and paid for television advertising of Copyrighted Photographs to be broadcast on the Ellen DeGeneres television show for financial benefit;

    d.    creating and distributing, or caused the creation and distribution of, physical and digital copies of Copyrighted Photographs labeled as "exclusive works of art" for sale without seeking permission from Plaintiffs, a copy of which is attached hereto as Exhibit K.

15.    Defendants plainly exceeded, and continue to do so, the scope of the license, without the permission of Plaintiffs, by the intentional display, and specific reference, of the Copyrighted Photographs as fine works of art in a public art gallery to promote FreshStep© brand of cat litter.

16.     Defendants knowingly and willfully caused the Copyrighted Photographs to be broadcast on television and on multiple online videos for a profit that were specifically prohibited by the contract language excluding "OLVs, broadcast, industrial."

17.     Plaintiffs could not have anticipated or predicted that the Copyrighted Photographs, solely intended for limited commercial use, would be displayed as exclusive works of art in a pop-up public art gallery, one block from the Plaintiffs' New York City art gallery, ClampArt, which exhibited eight solo shows of Plaintiffs' fine art animal portraits fostering market confusion.

18.     Plaintiffs certainly could not have fathomed that Defendants would knowingly convert the Copyrighted Photographs into desktop and mobile wallpaper, label the Copyrighted Photographs "exclusive works of art from our Cats on Glass Gallery", and sell the Copyrighted Photographs as "exclusive works of art" for unlimited usage.

## JURISDICTION AND VENUE

19.     This is a civil action seeking injunction and monetary damage relief for violations of the copyright laws of the United States, 28 U.S.C. §§ 1331 and 1138 including but not limited to Copyright Act of 1976 §§ 501 through 506, 17 U.S.C. § 101 et seq.

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

21.     Venue is proper in this district pursuant to 28 U.S.C §§ 1391(b), 1391(c), 1391(d) and 28 U.S.C § 1400(a).

22.     This Court has personal jurisdiction over each of the Defendants because the Defendants reside in and/or are doing business in New York and/or have committed acts of copyright infringement by advertising infringing products within the State of New York.

**PARTIES**

23.     Plaintiff Jill Greenberg is a visual artist engaged in the field of film and photography. Ms. Greenberg is a domiciliary of the State of New York, County of New York.

24.     Plaintiff Jill Greenberg Studio Inc. is a domestic business corporation in the State of New York wholly owned and operated by Jill Greenberg whose principal place of business is 253 West 28th Street, 5th Floor, New York, New York 10001.

25.     Plaintiff Feminist Pigs LLC was a domestic limited liability company in the State of New York wholly owned and operated by Jill Greenberg whose principal place of business was 253 West 28th Street, 5th Floor, New York, New York 10001.

26.     Defendant Dentsu McGarry Bowen LLC is a domestic limited liability company in the State of New York whose principal place of business is 601 West 26th Street, Suite 1150, New York, New York 10001.

27.     Defendant The Clorox Company is a wholly owned subsidiary of Proctor and Gamble incorporated in Delaware with its principal place of business at 1221 Broadway, Oakland, CA 94612.

28.     Upon information and belief, Defendants have directly and intentionally undertaken infringing conduct within the Southern District of New York.

**FACTUAL BACKGROUND**

29.     Jill Greenberg is an internationally renowned visual artist and photographer creating iconic works of art. In particular, Ms. Greenberg's portraitures of animals are instantly recognizable for her signature use of lighting and digital manipulation. In fact, Ms. Greenberg's

signature lighting and retouching technique for this particular stylistic approach is taught in schools world-wide, illustrative examples are attached hereto as Exhibit N.

30.    The Copyrighted Photograph ("171101_E_Coco_0678") was published on Plaintiffs' Instagram on March 13, 2018 and registered with the United States Copyright Office on April 16, 2018 under Registration No. VA 2-098-974 and re-registered with the Copyright Office on August 3, 2018 under Registration No. VA 2-115-329, copies of which are attached hereto as Exhibit O.

31.    The Copyrighted Photographs ("171101_H_RussianBlue_1127", "171101_F_Short-hairGinger_0908", "171101_G_Lisa_1010", "171101_E_Coco_0635 a/k/a Multi-cat", and "171101_B_Plates_0032") were registered with the United States Copyright Office on August 3, 2018 under Registration No. VA 2-115-328, a copy of which is attached hereto as Exhibit P.

32.    The Copyrighted Photographs ("171101_C_Bennie_0370", "Coco", and "171101_D_LongHairGinger_0400") were registered with the United States Copyright Office on August 3, 2018 under Registration No. VA 2-115-329, a copy of which is attached hereto as Exhibit Q.

33.    The infringement of the Copyrighted Photographs consists of multiple online and television videos featuring individual Copyrighted Photographs, a compilation of the Copyrighted Photographs, and reproductions of the Copyrighted Photographs into paid-for digital merchandise.

34.    On or about November 26, 2018, Plaintiffs caused a cease and desist letter (Exhibit R) to be sent to Defendants and their attorney and demanded that the Defendants:

      a.      cease and desist from continuing to exhibit and/or publish any work containing unauthorized reproductions of Plaintiffs' artwork;

      b.      remove all unauthorized reproductions of the Copyrighted Photographs; and

      c.      identify all of Defendants' uses of the Copyrighted Photographs.

35.      Defendants misrepresented their usage of the Copyrighted Photographs alleging sole usage of Photographs as "industrial" despite the ubiquitous use of the Copyrighted Photographs in online videos and films and broadcast. Defendants have widely used the Copyrighted Photographs by incorporation into multiple online videos, broadcast and paid-for merchandise, a copy of the correspondence is attached hereto as Exhibit S.

36.      Willingly and knowingly, the Defendants modified and reproduced for sale the Copyrighted Photographs into "mobile wallpaper" available for unlimited digital downloads and unlimited usage while expressly labeling the photographs as "exclusive works of art from [the] Cats on Glass Gallery that you can download and showcase proudly," a copy of which is attached hereto as Exhibit K.

37.      Defendants specifically sought out and repeatedly demanded Plaintiffs' signature blue halo with radial glow in the center background for the Freshstep© media campaign, specifically requesting the background be provided as a separate layer. Willingly and knowingly, the Defendants removed the cats from the background and utilized Plaintiff's signature blue background in other promotional videos unrelated to the October 31-November 1, 2017 shoot, a copy of which is attached hereto as Exhibit F.

22719372.v1

38.     None of the Defendants notified or obtained permission from Plaintiffs to reproduce, modify, distribute or display the Copyrighted Photographs or prepare a derivative work therefrom.

### FIRST CLAIM FOR RELIEF

**Copyright Infringement Against Defendants Dentus McGarry Bowen LLC
and The Clorox Company Jointly and Severally,
With Respect to the Infringing Artwork (17 U.S.C. §§ 106 and 501-505)**

### i.      Copyright Infringement

39.     Plaintiffs re-allege and incorporate every allegation contained in the preceding paragraphs 1 through 39 as if fully set forth herein.

40.     In a claim for copyright infringement, a plaintiff must prove ownership, access to plaintiff's work, and that a defendant violated the owner's exclusive rights under § 106 of the Copyright Act of 1976 (the "Act").

41.     Plaintiffs, as noted above, designed, created and own all copyrights in the Copyrighted Photographs and did not assign or transfer any copyright ownership in these works to Defendants or any other third party.

42.     Defendants clearly had access to the Plaintiffs' Copyrighted Photographs as evidenced by the prominent usage and display of the Copyrighted Photographs across various mediums.

43.     Defendants infringed Plaintiffs' copyrights and violated their exclusive rights by the unauthorized usage of the Copyrighted Photographs in online videos, broadcast, and merchandising under § 106 of the Copyright Act of 1976, a summary of the infringements is attached as Exhibit T.

22719372.v1

44.     The damages caused by the unauthorized use, display, reproductions and/or derivative works includes actual damages such as licensing fees for each unauthorized usage, indirect and direct profits of the Defendants including advertising revenue, and statutory damages.

### ii.     Contributory Infringement

45.     Plaintiffs re-allege and incorporate every allegation contained in the preceding paragraphs 1 through 45 as if fully set forth herein.

46.     In a claim for contributory infringement, a plaintiff must show that alleged infringer had knowledge of the infringing activity and induced, caused or materially contributed to the infringing conduct of another.

47.     Defendants knew of the infringing activity as evidenced by display, usage and sale of the Copyrighted Photographs. Defendants materially caused and contributed to said infringement by facilitating, inducing, causing, coordinating and inviting unauthorized copying, display and/or creation of derivative works by the broadcasting of the Copyrighted Photographs on television, online videos, and selling of the Copyrighted Photographs as merchandise for unlimited usage and duration.

48.     Defendants are sophisticated individuals and/or corporations with extensive knowledge of copyright law. Defendants knew or should have known that the usage of the Copyrighted Photographs in question was infringing but continued to do so.

49.     The damages caused by the unauthorized use, display, reproductions and/or derivative works includes actual damages such as licensing fees for each unauthorized usage, indirect and direct profits of the Defendants including advertising revenue, and statutory damages.

22719372.v1

### iii.      Vicarious Copyright Infringement

50.     Plaintiffs re-allege and incorporate every allegation contained in the preceding paragraphs 1 through 50 as if fully set forth herein.

51.     In a claim for vicarious copyright infringement, a plaintiff must show that defendant has the right and ability to control the infringer's conduct and receives a direct financial benefit from the infringement.

52.     Defendants had the right and ability to control the infringers' conduct because Defendants, based on information and belief, controlled and arranged interviews and content for the television broadcasts and online videos. Additionally, Defendants created and distributed, or caused to be created and distributed, physical and digital copies of Copyrighted Photographs labeled as "exclusive works of art" for sale for unlimited usage.

53.     Defendants, based on information and belief, received a direct financial benefits from the Cats on Glass Gallery, publicity advertising and paid for advertising e.g. the Ellen DeGeneres Show.

54.     The damages caused by the unauthorized use, display, reproductions and/or derivative works includes actual damages such as licensing fees for each unauthorized usage, indirect and direct profits of the Defendants including advertising revenue, and statutory damages.

### iv.      Inducement Infringement

55.     Plaintiffs re-allege and incorporate every allegation contained in the preceding paragraphs 1 through 55 as if fully set forth herein.

56.     In a claim for inducement, a plaintiff must demonstrate that a defendant distributed a device and/or thing with the objective of promoting its use to infringe copyright, as shown by clear expressions and actions taken to foster infringement. A defendant liable for inducement is liable for acts of infringement by third parties.

57.     The devices and/or things Defendants used to encourage third party infringement of Plaintiffs' copyrights including, but not limited to, social media pages including Facebook, Instagram, Youtube and the Freshstep© website.

58.     The damages caused by the unauthorized use, display, reproductions and/or derivative works includes actual damages such as licensing fees for each unauthorized usage, indirect and direct profits of the Defendants including advertising revenue, and statutory damages.

59.     Defendants' direct and contributory, induced and vicarious infringements were, and continue to be, willful and pervasive with intent to harm Plaintiffs even after Plaintiffs advised Defendants of the infringement.

60.     Defendants' infringements caused, and continue to cause, injury to Plaintiffs to a degree and extent as yet to be determined.

**SECOND CLAIM FOR RELIEF**

**Material Breach of Contract Against Defendants**
**Dentus McGarry Bowen LLC and The Clorox Company Jointly and Severally**

61.     Plaintiffs re-allege and incorporate every allegation contained in the preceding paragraphs 1 through 61 as if fully set forth herein.

62.     Plaintiffs and Defendants entered into a valid and enforceable contract on or about October 26, 2017.

22719372.v1

63.     The contract expressly "[e]xcludes video (including but not limited to OLVs, broadcast, industrial)", a copy of which is attached as Exhibit B.

64.     Defendants breached their obligations to Plaintiffs by committing a material breach of contract by intentionally allowing, preparing and utilizing Copyrighted Photographs in various videos across multiple media including, but not limited to, online, social media online and television. Additionally, the Defendants modified the Copyrighted Photographs into paid-for merchandise.

65.     The Defendants' breach of contract remains inextricably linked to the infringement of the Copyright Photographs. As such, this Court has jurisdiction over both claims, as the claims should be heard together.

66.     Defendants' breach of contract has caused, and continues to cause, injury to Plaintiffs to a degree and extent as yet to be determined.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Court enter judgment in their favor and against Defendants as follows:

i.      Find that Defendants directly and contributorily, induced and vicariously infringed Plaintiffs' exclusive rights in the Copyrighted Photographs;

ii.     Find that Defendants' willful and ongoing infringement created, and continues to create, market confusion with Plaintiffs' brand and de-values Plaintiffs' fine art work;

iii.    Grant Plaintiffs permanent injunctive relief enjoining each Defendant from reproducing, modifying, and preparing derivative works from Copyrighted Photographs, distributing the Copyrighted Photographs, creating, distributing  or

displaying any digital media involving Copyrighted Photographs, displaying Copyrighted Photographs in art shows, and direct each Defendant to immediately remove all infringing content, including any copies of any of the foregoing existing in any form, pursuant to 17 U.S.C. § 502;

iv.   Grant Plaintiffs

- Statutory damages,
- Actual Damages,
- Licensing fees,
- Direct and indirect profits, and/or
- Punitive damages

arising out of and related to the copyright infringement for Copyrighted Photographs including but not limited to willful and unauthorized conversion of Copyrighted Photographs into online videos, broadcast, television, and merchandising.

v.    Grant Plaintiffs' request for normal and customary fees due to the willful, ongoing and expansive nature of the infringement which directly led to market confusion and a direct negative impact on the Plaintiffs' primary and secondary markets;

vi.   Grant Plaintiffs relief for normal and customary fees due to Defendants' willful breach of contract regarding non-authorized usage of the Copyrighted Photographs and usage of photographs in promotional videos not related to the October 31-November 1, 2017 shoot.

22719372.v1

vii.   Direct that Defendants reimburse Plaintiffs' attorney fees and costs in this action due to intentional, prolonged and ongoing infringement, pursuant to 17 U.S.C. § 505;

viii.   Grant such other and further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all claims.

Dated: April 9, 2019

GOLDBERG SEGALLA LLP

*/s/Michael A. Siem*
Michael A. Siem
711 3rd Avenue, Suite 1900
New York , New York 10017
Phone: 646.292.8700
msiem@goldbergsegalla.com

Debra L. Doby
Goldberg Segalla LLP
11 Martine Avenue, Suite 750
White Plains, NY 10606-1934
914-798-5421
ddoby@goldbergsegalla.com

*Attorneys for Plaintiffs*
*Jill Greenberg, Jill Greenberg Studios, Inc.*
*and Feminist Pigs LLC*

16